IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, MONTANA STATE PRISON, DEPT OF CORRECTION, WARDEN KIRKEGARD, SGT. POSTMA, and OFFICER DAVID AUGUST (BOGUT),<br><br>Defendants. | CV 14-00062-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## I.  SYNOPSIS

Pending is Plaintiff Benjamin Smith's Complaint.  (Doc. 2.)  Mr. Smith alleges Defendants violated his First and Eighth Amendment rights under the United States Constitution by interfering with his ability to practice his religion during the holy month of Ramadan.

## II.  JURISDICTION

Mr. Smith filed this action in federal court, in the Helena Division of the District of Montana.  (Complaint, Doc. 2.)  Venue is proper, as he is incarcerated in and alleges wrongs committed in Powell County, Montana.  Local Rule 3.2(b)(3).

The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1); Doc. 7.

## III. STATUS

Mr. Smith is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This is that review.

## IV. ANALYSIS

A. **The State of Montana, Montana State Prison, and the Montana Department of Corrections should be dismissed because they are immune from suit**.

The Eleventh Amendment bars suit in federal court against a state, state agency, or a state official sued in his or her official capacity for money damages absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State.

*See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq.

The State of Montana, Montana State Prison, and the Montana Department of Corrections have Eleventh Amendment immunity. These Defendants should therefore be dismissed from this action.

### B. Defendants Kirkegard, Postma, August (Bogut), and Clark must respond to Mr. Smith's complaint.

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. *Ivey v.*

*Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court has considered whether Mr. Smith's Complaint as alleged against the remaining Defendants is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Smith has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). The Court concludes dismissal is not appropriate at this time. Defendants Kirkegard, Postma, August (Bogut), and Clark must respond to the Complaint.

## V.  ORDER

The Court orders the following:

1.  Pursuant to Fed.R.Civ.P. 4(d), Defendants Kirkegard, Postma, August (Bogut), and Clark are requested to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in

any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

2.  The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

*       Complaint (Doc. 2);

*       Supplement (Doc. 6);

*       this Order;

*       a Notice of Lawsuit & Request to Waive Service of Summons; and

*       a Waiver of Service of Summons.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, and must be served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Mr. Smith <u>must not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Mr. Smith must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

## VI. RECOMMENDATION

The Court recommends the State of Montana, Montana State Prison, and the Montana Department of Corrections be **DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Smith may file objections to these Findings and Recommendations within

fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of March, 2015.


/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:  Legal Counsel for the Montana Department of Corrections
     P.O. Box 201301
     Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Leroy Kirkegard, Sgt. Postma, David August (Bogut), and Scott Clark.  A copy the Complaint is attached to this notice.  It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-14-62-H-DLC-JTJ.  The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading.  *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.


　　　　　　　　　　　　 */s/ John Johnston*
                        John Johnston
                        United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO: The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request to waive service of summons in the following action: *Smith v. Kirkegard, et al.*, Civil Action No. CV-14-62-H-DLC-JTJ, filed in the United States District Court for the District of Montana. Defendants also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

      The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

_____      _____
DATE                               SIGNATURE

                                              _____
                                              PRINTED/TYPED NAME

                                              _____

                                              _____
                                              ADDRESS