IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION


FILED
APR 30 2015
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| BENJAMIN KARL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN KIRKEGARD, SGT. POSTMA, OFFICER DAVID AUGUST (BOGUT), and CAPTAIN SCOTT CLARK,[1]<br><br>Defendants. | CV 14-00062-H-DLC-JTJ<br><br>ORDER |

Pending is Plaintiff Benjamin Smith's Motion to Seek Protection by the Court from the Defendants (Doc. 14) which the Court has construed as a Motion for temporary restraining order and/or preliminary injunction.

The Court does not have jurisdiction to decide Mr. Smith's motion because he requests relief from individuals who have not filed an appearance in this matter and he seeks to enjoin conduct which is unrelated to the present lawsuit. In addition, he has not met the standard for issuance of a temporary restraining order

---

[1]The case style has been amended to reflect the dismissal of Defendants State of Montana, Montana State Prison, and the Montana Department of Corrections. *See* April 23, 2015 Order adopting Findings and Recommendations (Doc. 19.)

1

or preliminary injunction. His motion will be denied.

# I. Background

## A. Plaintiff's Complaint

Mr. Smith alleges Defendants violated his First and Eighth Amendment rights under the United States Constitution by interfering with his ability to practice his religion during the holy month of Ramadan. The Complaint seeks "any injunctive relief the Court deems necessary" and compensatory, and punitive damages. (Complaint, Doc. 2 at 9.)

On initial screening, United States Magistrate Judge Johnston required Defendants Kirkegard, Postma, August (Bogut), and Clark to respond to the Complaint but recommended the dismissal of Defendants State of Montana, Montana State Prison, and the Montana Department of Corrections. (Doc. 11.) Defendants State of Montana, Montana State Prison, and the Montana Department of Corrections were dismissed on April 23, 2015. (Doc. 19.) Defendants Postma, Clark, Bogut, and Kirkegard filed a Waiver of Service on March 30, 2015 (Doc. 10) but have not yet filed a responsive pleading.

## B. Mr. Smith's Motion

Mr. Smith seeks an order from the Court to protect him from the Defendants and their associates. He alleges that as recently as March 9, 2015, he has been

subjected to harassment, threats, racial and derogatory language, and mistreatment from Montana State Prison staff. In addition, he alleges Defendant Clark refused to investigate an incident involving racial language in December 2014. Mr. Smith alleges that he has been harassed and denied vital legal materials since the filing of this case. He strongly feels that his safety is at issue and asks the Court to order Defendants to cease and desist the illegal actions taken. (Doc. 14.)

In response to Mr. Smith's Motion, Defendants argue that the motion should be denied because: (1) Mr. Smith did not comply with the notice provisions of Fed.R.Civ.P. 65(b); (2) Mr. Smith has not met the standards for a temporary restraining order or a preliminary injunction; and (3) Mr. Smith failed to comply with Local Rule 7.1(c)(1).

Mr. Smith did not file a Reply to Defendants' Response.

## II. Legal Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (*quoting Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A

3

plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (*quoting Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements ... must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

## III. Discussion

The Court's first concern is that it does not yet have jurisdiction over any

4

party Mr. Smith is seeking to enjoin. As a general rule, courts are unable to issue orders against individuals who are not parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Here, although Defendants have waived service, they have not yet responded to the Complaint.

Putting aside this technical impediment to the motion, Mr. Smith seems to be seeking to enjoin conduct which is unrelated to his underlying lawsuit. The Supreme Court has found that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945). A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.* Although the Ninth Circuit has not addressed this issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Colvin v.*

*Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010) (no preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same).

Courts use injunctive relief to address issues related to the underlying violations presented in the complaint. The only issue remaining in this lawsuit is whether Defendants violated Mr. Smith's First Amendment rights by interfering with his religious observation of Ramadan. However, in his motion for protection, Mr. Smith attempts to advance a First Amendment retaliation claim and/or a harassment claim.

The factual allegations in Mr. Smith's motion are unrelated to the factual allegations in his Complaint. Mr. Smith makes no showing that the alleged harassment is in any way connected to the alleged interference with his religious practice in June/July 2014. This matter was not even served upon Defendants until March 2, 2015. (Doc. 8.) New, unrelated complaints are properly lodged using the prison grievance system, and if they remain unresolved, by filing a new action.

To the extent that any of Mr. Smith's allegations may be related to his underlying complaint, he has not met the standard for issuance of a temporary

restraining order or preliminary injunction. He has not submitted any evidence demonstrating that he is likely to succeed on the merits, there is no indication that he is likely to suffer irreparable harm without an injunction or that the balance of equities tips in his favor, and there is not showing that an injunction is in the public interest.

Mr. Smith has made generalized allegations of harassment, threats, racial and derogatory language, mistreatment from Montana State Prison staff, and a refusal to investigate an incident of racial language. These are vague and conclusory allegations. Mr. Smith has given no specific facts to support his allegations and they are not directed at specific individuals. In sum, Mr. Smith has failed to meet his burden on each element of the *Winter* test.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. The reference to the Magistrate Judge is withdrawn as to Mr. Smith's Motion for Protection.

2. Mr. Smith's Motion for Protection as construed as a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 14) is denied without prejudice.

3. At all times during the pendency of this action, Mr. Smith must

immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 30th day of April, 2013.

Dana L. Christensen, Chief Judge
United States District Court