IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
AUG 11 2016
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| BENJAMIN KARL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN KIRKEGARD, SGT. POSTMA, OFFICER DAVID AUGUST (BOGUT), and CAPTAIN SCOTT CLARK,<br><br>Defendants. | CV 14–62–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered findings and recommendations in this case on May 3, 2016, recommending that: (1) Defendant David August's ("August") motion for summary judgment be denied; (2) Defendant Scott Clark's motion for summary judgment be granted; (3) Defendant Kirkegard's motion for summary judgment be granted; and (4) Defendant Sgt. Postma's ("Postma") motion for summary judgment be denied. Defendants August and Postma filed objections to the findings and recommendations on May 20, 2016, and so are entitled to de novo review of those findings and recommendations to which they specifically object. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which

-1-

no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). For the reasons explained below, the Court adopts Judge Johnston's findings and recommendations in full.

This case stems from Smith's alleged mistreatment by staff at Montana State Prison. Smith claims that, during the Ramadan holiday in 2014, August made offensive and threatening remarks with respect to Smith's race and Muslim religious beliefs, and refused to release him for a morning meal. Smith also claims that during the same time Postma searched one of his meals with bare hands within Smith's view, and refused to provide him with a replacement meal. Together, Smith contends, pursuant to 42 U.S.C. § 1983, that these actions burden the free exercise of his Muslim religious beliefs, in violation of the First Amendment to the United States Constitution. Defendants filed motions for summary judgment with respect to these claims on December 11, 2015. Smith acknowledged that Defendants Kirkegard's and Clark's motions should be granted, but opposed August's and Postma's motions.

In his May 3, 2016 findings and recommendations, Judge Johnston

concluded that fact questions precluded summary judgment in favor of August and Postma, and recommended that this Court deny their motions accordingly. Judge Johnston first noted that, to maintain a free exercise claim, Smith must show that Defendants' actions substantially burdened the exercise of his sincerely held religious beliefs. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). As to the sincerity of his beliefs, Judge Johnston found that neither Smith's alleged consumption of a bacon cheeseburger on one occasion nor his disciplinary record establish that, as a matter of law, Smith's beliefs are not sincerely held. As to whether the defendants' actions substantially burdened Smith's exercise of those beliefs, Judge Johnston concluded that the individual allegations against August and Postma—which both defendants dispute—could be viewed as putting pressure on Smith to forego his Muslim beliefs. This is especially so when viewing the cumulative impact of the defendants' actions, as well as their timing during what is an important month for practitioners of the Muslim faith. Ultimately, Judge Johnston recommended denying August's and Postma's motions for summary judgment because "[t]he material facts of this case are highly disputed and supported by conflicting evidence," and because the defendants' "individual actions considered together could establish that [] Smith's observance of Ramadan was substantially burdened." (Doc. 65 at 14.)

In their objections, August and Postma focus primarily on what they claim was Judge Johnston's inappropriate transposition of the legal standard governing claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq., onto Smith's § 1983 free exercise claims. August and Postma contend that, because RLUIPA specifically authorizes suits against "a government," viewing the actions of multiple official-capacity defendants in the aggregate may be appropriate in cases governed by RLUIPA. They argue that under § 1983, however, "each defendant must personally participate in [an] alleged deprivation," meaning that an individual defendant cannot be held liable for the actions of his co-defendants unless he affirmatively participates in or in some way ratifies those actions. (Doc. 66 at 5 (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).) Thus, August and Postma claim that their actions cannot be *combined* to rise to the level of a substantial burden, nor do their actions rise to that level individually.

The defendants' arguments on this issue are unavailing. While the cases August and Postma cite in their objections do support the notion that there must be a causal connection between a § 1983 plaintiff's alleged harms and a defendant's actions, each case approaches this idea from the perspective of respondeat superior. *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074–75

(9th Cir. 2013) ("*A prison official in a supervisory position* may be held liable under § 1983, however, if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.") (emphasis added and citations omitted); *Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011); *Johnson v. Duffy*, 588 F.2d 740, 742–44 (9th Cir. 1978) (examining a sheriff's liability for the actions of a parole-related committee whose members the sheriff appointed). The exception amongst the defendants' citations is *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002), wherein the court found that a so-called "team liability" theory only holds water in a § 1983 case when the plaintiff nevertheless shows each defendant's "individual participation in the unlawful conduct." Be that as it may, August and Postma fail to recognize that Judge Johnston, parsing openly disputed facts, specifically found that their actions *on an individual level* could be viewed as imposing a substantial burden on Smith's free exercise. The bottom line is that Judge Johnston concluded, and this Court agrees, that each of the alleged acts could represent a substantial burden on Smith's free exercise, and viewing the acts in totality simply highlights the burden.

Finding no clear error in the remainder of Judge Johnston's analysis,

IT IS ORDERED that the findings and recommendations (Doc. 65) are

ADOPTED IN FULL. Defendants Clark's and Kirkegard's motions for summary judgment (Docs. 37 & 39) are GRANTED. Defendants August's and Postma's motions for summary judgment (Docs. 35 & 41) are DENIED.

DATED this 11th day of August, 2016.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court